UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALTER WILFREDO VEGA,

     Plaintiff,

v.                                                                    Case No.:  2:24-cv-268-SPC-KCD

STATE OF FLORIDA, ERIN
HUGHES, CITY OF FORT
MYERS, ROBERT TOTU,
NICHOLAS R. THOMPSON and
CARMINE MARCENO JR.,

     Defendants.

                             /

## OPINION AND ORDER

Before the Court is Walter Wilfredo Vega's Amended Complaint (Doc. 14).  Vega is a pretrial detainee in Lee County Jail, and he sues several Florida officials and governmental agencies under 42 U.S.C. § 1983.  Magistrate Judge Kyle Dudek granted him leave to proceed *in forma pauperis*.  The Court must screen the Amended Complaint to determine if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915.  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  A district court should dismiss a claim when a party does not

plead facts that make the claim facially plausible.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).  And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action.  *Twombly*, 550 U.S. at 555.

Vega is representing himself in this action.  Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim.  *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

Vega asserts three claims in his amended complaint: (1) the defendants are unlawfully imprisoning him while he awaits trial of his pending state criminal case because the charges are false and the state court denied Vega's motion to suppress victim testimony; (2) a state court used a flawed jury instruction in his 2006 trial for sexual battery; and (3) the defendants defamed

and harassed Vega by making him register as a sex offender following his 2006 sexual battery conviction.

Vega fails to state a § 1983 claim in his Amended Complaint. Count 1 fails because Vega cannot use § 1983 to challenge the pending state criminal case. Federal courts are not intended as a "pre-trial motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973). Further, principles of equity, comity, and federalism require the Court to abstain from interfering in state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). Vega provides no reason for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application of any exception to the *Younger* doctrine. If Vega is convicted, he can collaterally attack the conviction in federal court by seeking habeas corpus relief after exhausting his claims in state court.

Count 2 is a collateral attack on Vega's 2006 conviction for sexual battery. The proper vehicle for bringing such a claim in federal court is a petition for a writ of habeas corpus, not a § 1983 complaint. 28 U.S.C. § 2244(b) sets a one-year limitations period for federal habeas petitions. A federal habeas petition challenging Vega's 2006 conviction would be untimely.

Ground 3 is *Heck*-barred. In *Heck v. Humphrey*, the Supreme Court held that a § 1983 plaintiff seeking to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

actions whose unlawfulness would render a conviction or sentence invalid"
must prove the conviction or sentence was reversed or invalidated.  512 U.S.
477, 487 (1994).  The Court explained:

> A claim for damages bearing that relationship to a conviction or
> sentence that has *not* been so invalidated is not cognizable
> under § 1983.  Thus, when a state prisoner seeks damages in a
> § 1983 suit, the district court must consider whether a
> judgment in favor of the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if it would, the
> complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been
> invalidated.   But if the district court determines that the
> plaintiff's action, even if successful, will *not* demonstrate the
> invalidity of any outstanding criminal judgment against the
> plaintiff, the action should be allowed to proceed, in the absence
> of some other bar to the suit.

*Id.*  The Supreme Court recently clarified that a plaintiff "must demonstrate,
among other things, that he obtained a *favorable termination* of the underlying
criminal prosecution" to avoid the *Heck* bar.  *Thompson v. Clark*, 142 S. Ct.
1332, 1335 (2022).   Vega's 2006 sexual battery prosecution resulted in a
conviction and designation as a sex offender, not a favorable termination.  A
judgment in Vega's favor on his third claim would imply the invalidity of that
conviction and sentence.  Thus, the *Heck* doctrine bars him from challenging
them in a § 1983 action.

Furthermore, some of the defendants in this case are immune from suit.
Vega cannot sue the judge and prosecutor in his state criminal case under §
1983.  "A judge enjoys absolute immunity from suit for judicial acts performed

within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018).   Prosecutors likewise enjoy absolute immunity from allegations stemming from their function as advocates.  *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009).  Vega's allegations against the judge and prosecutor relate entirely to their participation in his state criminal proceedings.  They are immune from this action.

For these reasons, the Court will dismiss Vega's amended complaint for failure to state a claim.  The Court would normally grant a plaintiff leave to amend, but that would be futile here.  Vega's claims are barred by *Younger*, 28 U.S.C. § 2244(b), and *Heck*, respectively.

Accordingly, it is now

**ORDERED:**

Walter Wilfredo Vega's Amended Complaint (Doc. 14) is **DISMISSED without prejudice**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 6, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record